UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:25-CR-76-TAV-DCP |
| | ) | |
| JOHN DANIEL CLEVENGER, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant John Daniel Clevenger's Unopposed Motion to Continue Deadlines and Trial Date [Doc. 17], filed on December 30, 2025.

Defendant requests the Court to continue the plea deadline, set for December 26, 2025, and the trial date, set for January 27, 2026 [*Id.* at 1]. In support of his motion, Defendant states that his counsel and the Government are in good communication regarding this case and will continue to work to reach a resolution in this matter [*Id.* ¶ 1]. Defendant's motion reflects that the Government does not oppose the continuance [*Id.* ¶ 4]. Defendant understands that the period of time between filing of this motion for continuance and a rescheduled court date will be fully excludable for speedy trial purposes [*Id.* ¶ 3].

Based on the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). In consideration of these factors, the Court concludes that failing to grant a

continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Counsel also needs additional time to confer with the Government as to a potential resolution of this case and prepare for trial in the event negotiations are not fruitful. The Court finds that all of this cannot occur before the January 27, 2026 trial date.

The Court therefore **GRANTS** Defendant John Daniel Clevenger's Motion to Continue Deadlines and Trial Date [**Doc. 17**]. The trial of this case is reset to **April 7, 2026**. A new, comprehensive trial schedule is included below. Because the Court finds that the ends of justice are served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on December 30, 2025, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant John Daniel Clevenger's Motion to Continue Deadlines and Trial Date [**Doc. 17**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **April 7, 2026, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **December 30, 2025**, and the new trial date of **April 7, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **March 6, 2026**;

(5) the deadline for filing motions *in limine* is **March 23, 2026,** and responses to motions *in limine* are due on or before **March 31, 2026**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **March 24, 2026, at 1:30 p.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **March 27, 2026.**

**IT IS SO ORDERED.**

ENTER:

_____
Debra C. Poplin
United States Magistrate Judge